**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Hughes, | No. CV-22-01410-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

    Plaintiff Sean Hughes applied for disability insurance benefits on August 5, 2020. State agency reviewers denied his application. Following a hearing, a federal Administrative Law Judge ("ALJ") issued a written decision finding Hughes not disabled within the meaning of the Social Security Act. The ALJ's decision became the final decision of the Commissioner of Social Security Administration ("Commissioner") after the agency's appeals council denied review. Hughes then commenced this action seeking judicial review of the Commissioner's decision under 42 U.S.C. § 405(g).

    This Court's review is both narrow and deferential. The Court reviews only those issued raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). And the Court must uphold the ALJ's decision if it is free of harmful legal error and supported by substantial evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

    Hughes argues that the ALJ failed to sufficiently articulate why he rejected Hughes' own testimony about the severity and limiting effects of his symptoms, and the assessments

of various medical providers. In response, the Commissioner concedes reversible error and moves the Court for an order remanding the case to the agency for further proceedings, namely for a proper evaluation of the medical opinion evidence and of Hughes' own testimony. Hughes, however, urges the Court to remand for an immediate award of benefits.

Faced with an erroneous agency decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation[.]" *Treichler v. Commr of Soc., Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). To decide whether to remand for further proceedings or for an immediate award of benefits, "[h]istorically, the Ninth Circuit applied the credit-as-true rule." *Alonzo v. Comm'r of Soc. Sec. Admin.*, No. CV-18-08317-PCT-JZB, 2020 WL 1000024, at *7 (D. Ariz. Mar. 2, 2020). Under the credit-as-true rule, the Court acquires the *discretion* to deviate from the ordinary remand rule and instead order an immediate award of benefits only if (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; and (3) the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. *See Washington v. Kijakazi*, 72 F.4th 1029, 1041 (9th Cir. 2023). Even if all these elements are satisfied, however, the Court is not *required* to remand for an award of benefits. It instead may exercise its discretion to remand for further proceedings, especially if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

The Social Security Administration, however, promulgated revised regulations applicable to claims filed on or after March 27, 2017. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017). "The new regulations appear to prohibit application of the credit-as-true rule as to medical opinions." *Alonzo*, 2020 WL 1000024, at *7. According to the revised regulations, the agency's "intent in these rules is to make it clear that it is never appropriate under our

rules to 'credit-as-true' any medical opinion." *Revisions*, 82 FR 5844-0 at *5858. At least two other judges in this District therefore have reasoned that, based "on the plain language and intentions of the application regulations," it no longer is appropriate to apply the credit-as-true rule to medical opinions. *Alonzo*, 2020 WL 1000024, at *7; *see also Bracamonte v. Comm'r of Soc. Sec. Admin.*, No. CV-20-01373-PHX-MTL, 2021 WL 4145936, at *6 (D. Ariz. Sept 13, 2021) ("But under the new regulations, the Social Security Administration has plainly stated that the credit-as-true rule is never appropriate."). The Court agrees with these decisions and, absent "guidance from the Ninth Circuit on this issue . . . finds that application of the credit-as-true rule is inappropriate" as to medical opinion evidence. *Alonzo*, 2020 WL 1000024, at *7.

This leaves Hughes' own testimony about the severity and limiting effects of his symptoms. "With regard to [a claimant's] symptom testimony, . . . the credit-as-true [rule] has not been supplanted" by the revised regulations. *Id.* at *8. Nonetheless, the Court does not find it appropriate to remand for an immediate award of benefits based solely on a crediting of Hughes' subjective testimony, especially when a proper evaluation of the medical opinions in the record has not been done. Indeed, the credit-as-true rule "was intended as a rare and prophylactic exception to the ordinary remand rule when there is no question that a finding of disability would be required if [the improperly rejected evidence] were accepted as true." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). For these reasons,

**IT IS ORDERED** that the Commissioner's motion to remand (Doc. 20) is **GRANTED**. The decision of the ALJ is reversed and remanded for further proceedings. The Clerk of the Court is directed to enter judgment accordingly and terminate this case.

Dated this 29th day of March, 2024.

Douglas L. Rayes
United States District Judge